IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>PHILLIP L. CLARK, Administrator of the  )<br>Estate of JOHN F. SCHICK, Deceased,  )<br>)<br>Defendants.  ) | Civil Action No. 2:13-cv-00067 |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Plaintiff State Farm Fire and Casualty Company ("State Farm") has objected to the ruling of United States District Magistrate Judge Kelly on April 5, 2013 that permitted Kathryn F. Leight and John L. Leight (collectively, "Leights") to intervene in the instant action pursuant to Fed. R. Civ. P. 24. The Court will affirm that ruling on the basis of Fed. R. Civ. P. 24(b).

### I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court writes primarily for the parties, it will only outline the facts essential to this memorandum opinion. On March 8, 2012, decedent John F. Schick allegedly shot and injured numerous strangers at the Western Psychiatric Institute in Pittsburgh, Pennsylvania. Am. Compl. ¶ 24, ECF No. 1. Mr. Schick was shot dead by a responding police officer, and Phillip Clark was appointed as Administrator of his estate. *Id.* ¶¶ 6, 25. One of the alleged victims injured in that shooting was Kathryn Leight, who along with her husband John Leight filed a tort

action against Mr. Schick for her injuries in the Court of Common Pleas for Allegheny County, captioned *Leight v. Clark*, No. GD-12-9942 ("Underlying Action"). *Id.* ¶ 11. The *Leight* Complaint included at least two alternative theories for Schick's/Clark's liability: (1) that Mr. Schick "intentionally shot and injured" Ms. Leight, *id.* ¶¶ 24-27; and (2) that several years before the shooting, Mr. Schick had been diagnosed with schizophrenia, had previously been committed on multiple occasions on mental health issues, and had "negligently failed and/or refused to follow medical advice" which led to his schizophrenia becoming "full blown" and culminated in his shooting of Ms. Leight "without consciously and/or knowing expecting or intending" her resulting injury, *id.* ¶¶ 28-34.

Mr. Clark, as Administrator, sought indemnity from State Farm for the Underlying Action based on a policy it had provided Mr. Schick covering his rental property and including limited personal liability coverage ("Policy"). *Id.* ¶ 12-13. State Farm filed the instant action in this Court seeking a declaratory judgment that it does not have the obligation to defend or indemnify in the Underlying Action Mr. Clark as the administrator of Mr. Schick's estate. *Id.* ¶¶ 16-19. State Farm argues that Mr. Schick's actions were outside the scope of the Policy because (1) they did not constitute an "occurrence" under the Policy because they were not accidental, unexpected, or fortuitous, but rather, intentional, *id.* ¶¶ 38-45; and (2) they fell within the Policy's exclusion for "intentional acts" of the insured, because Ms. Leight's injuries were expected or intended by Mr. Schick, *id.* ¶¶ 52-59.

The Magistrate Judge granted the Leights' motion to intervene in the instant action on April 5, 2013, finding that intervention was warranted under Fed. R. Civ. P. 24(a) and its accompanying test in this Circuit, as outlined in *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216 (3d. Cir. 2005); and additionally under Fed. R. Civ. P. 24(b). Order dated Apr. 5, 2013, ECF

No. 13 ("Order"). State Farm timely objected to that Order, ECF No. 14, and the Leights filed a Response, ECF No. 20.[1]

## II. DISCUSSION

When a party appeals the nondispositive motion of a magistrate judge, the district court must review the record to determine whether the magistrate judge's order was "clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a). "[T]he standard of review is circumscribed: [t]he district court is bound by the clearly erroneous rule in findings of fact; the phrase 'contrary to law' indicates plenary review as to matters of law." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir.1992).

Here, the Magistrate Judge found two independent bases for granting intervention: Rules 24(a) and 24(b). Rule 24(a) governs intervention of right, while Rule 24(b) governs "permissive intervention," and provides: "[o]n timely motion, the court may permit anyone to intervene who. . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). A Rule 24(b) decision is afforded an even more deferential review than a 24(a) decision: "[w]e are more reluctant to intrude into the highly discretionary decision of whether to grant permissive intervention." *Treesdale*, 419 F.3d at 227 (quoting *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1115 (3d Cir. 1992)).

---

[1] Our Local Rules permit objections to nondispositive determinations of Magistrate Judges, which must be filed within fourteen (14) days of the date of service, and must "specifically designate the order or part thereof objected to and the basis for objection thereto." W.D. Pa. Civ. R. 72(C)(2). The objection filed by State Farm amply fulfilled those requirements, laying out an argument for why the Magistrate Judge erred in her determinations under Rules 24(a) and 24(b) under the case law of this Circuit, as well as rebutting the Leights' anticipated reassertion of an argument they had made in the prior briefing – that Rule 19 joinder could alternatively be used to attach the Leights to the action – by discussing a case decided after the Order that rejected the reasoning of a case relied upon by the Leights. *See* ECF No. 14 at 4, 12. According to the Leights, however, this "attempted appeal" of the Order is "a nullity and of no force or effect," for the reason that it was the "equivalent of a Circuit Court Brief" that flouted the "concise and specific objections contemplated by [LCvR 72]." ECF No. 20 at 1-2. In the Court's view, State Farm's objections were quite specific and engaged in a nuanced discussion of unsettled law in this Circuit pertaining to a very important question before the Court. While concise writing is often the most effective, and is always appreciated by the Court, the language of LCvR 72 does not explicitly mandate it, and rather, in cases like this where there remain areas of unsettled law in this Circuit, detailed and careful discussions can be quite helpful. The Court does not share the Leights' view that briefs that discuss the law too thoroughly should be stricken.

The Magistrate Judge's ruling permitting intervention under Rule 24(b) was well within her discretion, and was not erroneous at all. A comparison of the Underling Action and the instant action reveals several "common questions of law or fact." Crucial to both the Leights' tort action and the instant action is the intentionality *vel non* of Mr. Schick's conduct: what was running through Mr. Shick's mind at the time he allegedly shot Ms. Leight will be imperative in determining both (1) under which theory of tort liability, if any, he is liable to the Leights (especially given that intentional torts and negligence carry different requirements of the tortfeasor's mental state); and (2) whether that action was fortuitous, accidental, unexpected, or unintended under the Policy. Such questions may be especially complex in this case, where a mental illness such as schizophrenia is alleged, and detailed medical opinions and analyses may be necessary to help illuminate what may have been Mr. Schick's mental state at the time of the shooting.

This fact puts the Leights' motion on different footing from other insurance intervention cases such as *Treesdale*, where the facts of the insured's underlying liability to the injured party had little, if anything, to do with whether the insurer has the obligation to defend the insured. *Cf. Treesdale*, 419 F.3d at 219, 227 (whether insured's asbestos caused underlying plaintiffs' injuries vs. whether insurer had exhausted its coverage of insured). It is far closer to the facts of *Travelers Indem. Co. v. Bastianelli*, 250 F.R.D. 82 (D. Mass. 2008), which permitted Rule 24(b) intervention where an employee of an insured company hit the underlying plaintiff with a pickup truck, and the question whether the employee was using the truck for commercial purposes was relevant both to determine the insured employer's liability in the underlying action and the insurer's coverage of the insured. Therefore, the Magistrate Judge acted well within her discretion in determining that the two actions hold common questions of fact or law that warrant

intervention under Rule 24(b), a determination which was not at all clearly erroneous nor contrary to law.

Because the Court has determined that the Magistrate Judge's decision to grant intervention was fully merited under Rule 24(b), it need not address the more nuanced questions of whether Rule 24(a) and the *Treesdale* factors, or Rule 19 (as argued by the Leights), could also serve as alternative bases for intervention or joinder. Therefore, the Order is affirmed.

An appropriate order will follow.

Mark R. Hornak
United States District Judge

Dated: June 17, 2013

cc: All counsel of record